**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DEREK HENRY EDMISTEN, Special Administrator,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 08-CV-0453-CVE-SAJ** |
| **WAYNE BALDWIN CONSTRUCTION, INC. and TDK CONSTRUCTION COMPANY, INC.,** | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Now before the Court is Defendant TDK Construction Company, Inc.'s Motion to Dismiss (Dkt. # 3).[1] Defendant argues that plaintiff cannot state a claim upon which relief may be granted because, as a general contractor, defendant is not liable for injuries caused by one of its subcontractors. Plaintiff argues that a general contractor is liable for its subcontractor's negligence under a negligent hiring theory, and a motion to dismiss is not appropriate in light of the many disputed factual issues in this case.[2]

**I.**

Defendant TDK Construction Company, Inc. ("TDK") was the general contractor at a construction site in Lawton, Oklahoma. Dkt. # 21, at 1. TDK retained defendant Wayne Baldwin

---

1 Defendant Wayne Baldwin Construction, Inc. does not join this motion to dismiss.

2 Plaintiff argues that TDK's Rule 12(b)(6) motion "is treated as a Summary Judgment Motion, and should be denied if there is a genuine issue as to material fact." Dkt. # 21, at 10. However, the Court finds no reason to convert TDK's motion into a motion for summary judgment. As such, there is no need to determine which facts are in dispute; Rule 12(b)(6) requires the Court to accept as true all well-pleaded facts in the complaint. Lane v. Simon, 495 F. 3d 871, 876 (10th Cir. 2007).

Construction, Inc. ("WBC") as a carpentry framing subcontractor for the site. Dkt. # 4, at 2. WBC was responsible for the installation of guardrails on the construction site. Id. On or about October 3, 2007, Daniel Edward Edmisten, a journeyman electrician employed by another subcontractor, was working on the third floor of the construction site when the guardrail gave way. Dkt. # 21, at 1. Edmisten fell to the ground and later died of his injuries. Id. WBC was cited and fined by the Occupational Safety and Health Administration ("OSHA") for the violations which led to Edmisten's death. Id. at 2. WBC had previous OSHA violations of a similar nature on its past jobs. Id.

Plaintiff, the Special Administrator of the Estate of Daniel Edward Edmisten, filed a petition in the District Court of Tulsa County alleging: (1) negligence against WBC and (2) negligent hiring against TDK.[3] Dkt. # 2-2, at 10. TDK's motion to dismiss, originally filed in state court, was filed on August 4, 2008. Dkt. # 4. Both defendants filed a timely notice of removal (Dkt. # 2) on August 12, 2008.

**II.**

In considering a motion to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S.

---

[3] In the complaint (Dkt. # 2), plaintiff asserts a claim against TDK for negligent hiring only. However, in its response (Dkt. # 21), plaintiff appears to also assert a claim of negligence against TDK. Plaintiff may not add a new claim for relief in its response to defendant's motion.

41, 45-46 (1957)). The claim must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). The factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). When deciding whether to grant a motion to dismiss, a court must accept all the well-pleaded allegations as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). Nonetheless, a court need not accept as true those allegations which are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 127 S. Ct. at 1974.

**III.**

Plaintiff alleges that TDK was negligent in hiring WBC as a subcontractor on its construction project. According to plaintiff, TDK had a duty to persons "on the construction site with permission to hire companies who were responsible and familiar with safety rules and regulations, including OSHA standards for construction sites." Dkt. # 2-3, at 13. TDK argues that Edmisten, as the employee of a subcontractor, is not entitled to relief from TDK, the general contractor. Generally, a person who hires an independent contractor is not liable for harm "to third persons caused by the negligence of the contractor, except where the work is inherently dangerous or unlawful or where the employer owes a contractual or defined legal duty to the injured party in the performance of the

work." Hudgens v. Cook Industries, Inc., 521 P. 2d 813, 815 (Okla. 1973) (citing Oklahoma City v. Caple, 105 P.2d 209, 212 (Okla. 1940)). Nonetheless, an employer may be held liable for negligence in hiring, supervising or retaining an employee. N.H. v. Presbyterian Church (U.S.A), 998 P. 2d 592, 600 (Okla. 1999). In a negligent hiring case, an employer or general contractor is relieved of liability if he has exercised due care in selecting a competent contractor for the work. Hudgens, 521 P. 2d at 816. A "competent contractor," is one who "possesses the knowledge, skill, experience, personal characteristics, and available equipment which a reasonable man would realize that an independent contractor must have in order to do the work which he contracts to do without creating unreasonable risk of injury to others." Id. (citation omitted). If the complaint contains sufficiently pleaded facts tending to show that a general contractor knew, or in the exercise of reasonable care should have known, that the contractor was not competent, then whether or not the general contractor was negligent in his duty to select a competent subcontractor becomes a question of fact. See id.

In response to plaintiff's claim, TDK relies on the holding in Young v. Bob Howard Automotive, Inc., 52 P. 3d 1045 (Okla. Civ. App. 2002), and argues that it cannot be held liable under a negligent hiring theory for "injuries sustained by an employee of one of TDK's independent contractors." Dkt. # 24, at 4. However, defendant's reliance on Young is misplaced. In Young, the Oklahoma Court of Civil Appeals held that a general contractor could not be held liable for injuries to a negligent subcontractor's employee on the theory that a general contractor has no duty to protect an employee from the negligence of his own employer. Young, 52 P. 3d at 1052. The holding in Young would be applicable here if Edmisten had been the employee of WBC. However, Edmisten had the same status on the construction site as anyone who was present with permission (i.e., not a

trespasser); whether Edmisten was the employee of another subcontractor or an independent contractor hired by TDK is not relevant for the purposes of this motion.[4]

In support of its negligent hiring claim, plaintiff argues that TDK was negligent in its decision to hire WBC as a subcontractor.[5] Dkt. # 21, at 9. In order to avoid liability for negligent hiring, TDK must have hired a "competent contractor" who possessed the requisite skill and "personal characteristics" to handle the job. See Hudgens, 521 P. 2d at 816. Plaintiff alleges that TDK knew or should have known of WBC's past OSHA violations, some of which were for fall protection, before it made the decision to hire WBC. Dkt. # 2-2, at 10. As the Court is required to construe the facts in favor of plaintiff on a Rule 12(b)(6) motion, the Court finds that the past OSHA violations could show that WBC was not a competent contractor and TDK could have been potentially negligent in its hiring of WBC. It cannot be said, as a matter of law, that an allegation of past OSHA violations is insufficient to state a claim upon which relief may be granted.

---

4 Generally, the Oklahoma Workers' Compensation Act, OKLA. STAT. tit., 85, § 12, is the exclusive remedy for workers injured or killed on a job site. However, Edmisten was the employee of a different subcontractor than the one whose negligence allegedly caused the accident. If Edmisten's employer were the negligent party, there would have been a possibility that TDK could have been liable in a workers' compensation case as Edmisten's "principal employer." If so, TDK could potentially have received tort immunity and Edmisten would have been forced to assert any claims against TDK in a workers' compensation proceeding. However, here, Edmisten was harmed by the actions of a subcontractor that was not his employer. Thus, TDK was not his "principal employer" with respect to the circumstances present here. Edmisten's relationship to the allegedly negligent party was that of a third party, not an employee. Accordingly, TDK does not have tort immunity under the Oklahoma Workers' Compensation Act.

5 The parties agree that matters of public record may be reviewed by the Court without converting this motion into a Rule 56(c) motion for summary judgment. See Dkt. # 21, at 9, Dkt. # 24, at 3.

**IT IS THEREFORE ORDERED** that Defendant TDK Construction Company, Inc.'s Motion to Dismiss (Dkt. # 3) is **denied**.

**DATED** this 15th day of December, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT