**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEREK HENRY EDMISTEN, Special Administrator, ) ) ) **Plaintiff,** ) ) v. ) ) WAYNE BALDWIN CONSTRUCTION, INC. ) and TDK CONSTRUCTION COMPANY, INC., ) ) **Defendants.** ) | Case No. 08-CV-0453-CVE-TLW |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion to Amend Complaint (Dkt. # 36). Plaintiff seeks to amend the complaint to "clarify its negligence cause of action against the Defendant TDK, only." Id. at 2. Defendant TDK Construction Company, Inc. ("TDK")[1] opposes plaintiff's motion on the grounds of delay and undue prejudice. For the reasons set forth below, plaintiff's motion to amend is granted.

**I.**

Plaintiff, the Special Administrator of the Estate of Daniel Edward Edmisten, filed a petition in the District Court of Tulsa County alleging: (1) negligence against WBC and (2) negligent hiring against TDK. Dkt. # 2-2, at 10. TDK filed a motion to dismiss in state court on August 4, 2008. Dkt. # 4. Both defendants filed a timely notice of removal (Dkt. # 2) on August 12, 2008. On September 23, 2008, a Scheduling Order was entered setting October 10, 2008 as the deadline for motions to join additional parties or amend the pleadings. Dkt. # 25. On October 9, 2008, plaintiff

---

[1] Defendant Wayne Baldwin Construction, Inc. ("WBC") does not oppose plaintiff's motion to amend the complaint.

filed a motion to extend the deadline to amend the pleadings. Dkt. # 28. The Court granted plaintiff's motion and set November 15, 2008 as the new deadline to amend the pleadings. Dkt. # 29. On December 19, 2008, plaintiff filed this motion to amend the complaint. Dkt. # 36.

## II.

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). TDK challenges plaintiff's proposed amended complaint on the grounds of undue delay and undue prejudice. A court may deny leave to amend "when the party filing the motion has no adequate explanation for the delay." Minter, 451 F.3d at 1206 (quoting Frank v. U.S. West, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). When considering delay as the basis to deny a motion to amend, a court must consider the length of the delay and the reason for the delay to determine if the moving party's actions constitute "undue" delay. Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006).

## III.

In its petition, plaintiff alleged that TDK was negligent in hiring WBC as a subcontractor on its construction project. Dkt. # 2-2. Plaintiff now moves to amend the complaint to "clarify" his claim of general negligence against TDK. Dkt. # 36, at 2. TDK argues that plaintiff does not seek

to clarify an existing claim, but rather seeks to add a new negligence claim.[2] According to plaintiff, any delay in amending its complaint was due to excusable neglect. By way of explanation, plaintiff states that it requested additional records from the Occupational Safety and Health Administration ("OSHA"), and did not receive them before the deadline to amend expired on November 15, 2008.[3] Dkt. # 36, at 2. Defendant contends that plaintiff's explanation for the delay does not constitute excusable neglect because plaintiff has long known the facts which could support a general negligence claim against TDK and the OSHA records are not needed in order to amend the complaint. While TDK might be correct that plaintiff could have made this amendment earlier, there is nothing to suggest that either the length of the delay or plaintiff's desire to wait for the reports before amending the complaint is unreasonable. Thus, regardless of whether plaintiff is seeking clarification of an existing claim or the addition of a new claim against TDK, the Court will permit this amendment to allow plaintiff to correct his inartful pleading.

TDK further argues that because the close of discovery is set for January 15, 2009, the addition of a new claim at this time would require additional discovery and would result in undue prejudice to the defendant. Defendant's objection is not well-founded because it has been on notice

---

[2] Plaintiff contends that he claimed general negligence as to both defendants in his original petition because paragraph 10 makes reference to both WBC and TDK's negligence. However, paragraph 10 of the petition merely supports plaintiff's claim against WBC. Dkt. # 2-2 at 3. Plaintiff's second claim for relief is against TDK, and appears to allege negligent hiring rather than general negligence. Dkt. # 2-2, at 9.

[3] It is not entirely clear whether plaintiff received the OSHA reports prior to the date he filed this motion to amend. Plaintiff states that "the OSHA records have not been delivered to Plaintiff as of this date." Dkt. # 36, at 2. If plaintiff has yet to receive the reports, it is not clear why he was able to amend the complaint now when he could not do so prior to November 15, 2008. In any event, regardless of whether plaintiff receives additional OSHA records at any time in the future, this is the last leave to amend the complaint that will be granted.

of the facts in this case and has had plenty of opportunity to conduct discovery. However, if the additional claim does require TDK to conduct additional discovery, such discovery would be limited in scope. If necessary, TDK can move for an extension of the discovery deadline. The case is not set for trial until April 22, 2009 (Dkt. # 26); there is still plenty of time remaining for TDK to fully conduct discovery without resulting in undue prejudice. Because leave to amend is to be "freely given," the Court finds that defendant will not be unduly prejudiced by the addition of a new claim at this time

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Amend Complaint (Dkt. # 36) is **granted**. The amended complaint shall be filed immediately.

**DATED** this 8th day of January, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT